UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| vs. | : | CRIMINAL NO. 3:97CR46 (RNC) |
| GREGORY WILLIAMS | : | July 29, 2009 |

MEMORANDUM IN AID OF REVOCATION HEARING

The defendant, Gregory Williams, has admitted to violating the terms of his supervised release. He respectfully submits this memorandum as an aid to the Court in determining the appropriate sanction.

**Background**

Gregory Williams commenced supervised release on September 17, 2008. He had just completed a 151 month sentence of incarceration for bank robbery. Since being released, like many individuals with serious criminal records, Mr. Williams has experienced difficulties reintegrating himself into the community. Most significantly, he has had tremendous difficulties obtaining employment. As the Court knows, the current economic situation is such that even educated people without criminal backgrounds are finding it difficult to find work. Mr. Williams has a triple handicap of being undereducated, having a criminal record, and being out of the community for over 10 years. Despite these handicaps, he did make efforts to comply with his terms and conditions of supervision.

Upon his release from incarceration, Mr. Williams was ordered to report on a bi-weekly basis because he had not yet secured employment. Unfortunately, the stress of trying to get re-acclimated to life in the community, coupled with his frustration at his inability to find work led him to lapse into drug use. Mr. Williams relapsed and began using heroin and cocaine, drugs he had used heavily prior to his incarceration. After he gave a urine screen that was positive for both heroin and cocaine, he was ordered to report on a weekly basis. He was told to report on Mondays.

Mr. Williams did not report exactly as directed. For example, on March 2 he was supposed to report. There had been a snowstorm late Sunday night. Mr. Williams had been lucky enough to secure

a position shoveling snow from a parking lot in Hartford. This was a temporary, under the table job for cash, but Mr. Williams was ecstatic to have secured employment of any kind. It had been made clear to him that securing employment was a priority for him, so rather than leaving his temporary job, he called the probation office to report that he was working and unable to report. While this decision might not have been the best, at the time, Mr. Williams believed that working was the most important priority and believed that he was being responsible by calling in and reporting his employment and his inability to report. One of the other stresses Mr. Williams was experiencing at the time was his restitution obligation and he realized that only by obtaining employment would he be able to begin to repay his debt. While he made the wrong choice, he did attempt to do the right thing to fulfill all of his obligations. Unfortunately, having been away from the community for so long, Mr. Williams became accustomed to a set and regimented lifestyle. Since his release, it has been difficult to become accustomed to having to make his own decisions and to adjust to a new set of rules and conditions.

As noted above, Mr. Williams did begin to use drugs again. The Court knows that, sadly, addiction is part of recovery. Mr. Williams acknowledged immediately that he needed to get this problem under control right away. He was directed to attend an evaluation at the Wheeler Clinic. The evaluation was scheduled for April 1 (not April 4, as noted in the probation report). On April 1, Mr. Williams received a call from the Wheeler Clinic. He was told that the counselor he was supposed to meet with was not there that day and the Clinic rescheduled his appointment for May 6. By May 6, Mr. Williams was in treatment at the ADRC program. That program rescheduled his appointment for June 3. The ADRC program referred Mr. Williams to the Rushford Center in Middletown. Mr. Williams was at Rushford and preparing to enter a sober house when he became aware of the warrant in this case.

While he was on supervision, Mr. Williams took his obligation to find employment very seriously. He registered at Job Pro and attended orientation for a job in Manchester. For many of us, the steps Mr. Williams has made since his release may seem to be modest or even insignificant. For a long-term addict and prisoner, however, those accomplishments were very real and substantial. It is sad to see that so much hard work will be wasted.

- 3 -

Mr. Williams can be difficult to deal with. It appears at times that he does not know when to keep quiet or how to express his frustrations in an socially acceptable manner. Perhaps after so many years in custody, it is difficult to change the way one relates to others. He did not always relate well with Mr. Lambert and did not strictly comply with his requests. However, in his own way, he did try to be responsible, to reenter the workforce and to work hard at his recovery.

The defendant respectfully suggests that the Court defer sentencing him for his violation at this time. He requests that the Court order him to attend a long-term inpatient drug treatment program. Defense counsel has been advised that there may be a bed available at Crossroads should Mr. Williams be appropriate for that program. While the Court could easily sentence him to a term of imprisonment, respectfully, that would not be appropriate in this case. It is already clear from the record that Mr. Williams is capable of serving time in prison. He served over 10 years for bank robbery. Additional incarceration will only have the effect of making him more isolated from society, thus making it more difficult for him to reintegrate upon his next release. While a period of incarceration would be punitive, it would not address the need for rehabilitation that is so necessary in this case. What Mr. Williams needs is help to reenter society. He needs treatment for his addiction and assistance in finding work. In the event that Mr. Williams is accepted into Crossroads, the Court can closely monitor his progress over the course of the 6 month period. It is the understanding of counsel that as part of his treatment at Crossroads he will be required to secure employment so the program will be a helpful stepping stone back into the community. If he can leave the program with a job and a stable residence, he will be in a much better position to fulfill all of the requirements of his supervision, including making regular payments toward his restitution obligation.

Finally, the proposed resolution fairly balances the defendant's misconduct with the substantial efforts and modest achievements he made during his term of supervision. Going back to jail has been difficult for Mr. Williams. He has had numerous medical difficulties while he has been at Wyatt, including hospitalizations on three occasions. He is 47 years old, and he has spent most of his adult life in jail. He made bad decisions in this case, but they should not preclude consideration of the work he

- 4 -

put in to overcome his addiction and to establish a life for himself.

>Respectfully submitted,
>
>THE DEFENDANT,
>Gregory Williams
>
>THOMAS G. DENNIS
>FEDERAL DEFENDER

Dated: July 29, 2009

>/s/
>Deirdre A. Murray
>Assistant Federal Defender
>10 Columbus Blvd, 6th FL
>Hartford, CT 06106
>Phone: (860) 493-6260
>Bar No.: ct22981
>Email: deirdre.murray@fd.org

### CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on July 29, 2009, a copy of the foregoing Memorandum in Aid of Revocation Hearing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

>/s/
>Deirdre A. Murray